**People of the State of Illinois, Plaintiff-Appellee, v. George Stroup, Defendant-Appellant.**

**Gen. No. 68–7.**

Second District.

June 17, 1968.

Rehearing denied August 14, 1968.

William N. Stone, of Sterling, for appellant.

Henry S. Dixon, State's Attorney, of Dixon, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant appeals from his conviction, upon a plea of guilty to the offense of theft, urging that the court erred in denying probation and in imposing a sentence of two (2) to four (4) years in the penitentiary.

The theory of defendant is that the sentence was excessive in view of the sentences imposed upon his codefendants and in view of the age and previous record of this defendant. Reduction in sentence is sought. The State responds that in view of the role played by the defendant in the theft, his past record, and the fact that the sentence was within prescribed limits, the sentence should not be reduced.

There was a hearing in aggravation and mitigation and upon defendant's motion for probation. At this hearing facts were adduced concerning a theft of sixteen television sets from defendant's employer, the Admiral Corporation, at its Dixon, Illinois, warehouse. Defendant testified that one Ed Williams, who had a business in Sterling, Illinois, approached him and a codefendant, Baughman, and suggested "he could handle merchandise from Admiral." Lester Coers and Dale Meiners, codefendants, overheard defendant and Baughman talking and asked to get in on the planned theft and offered a pickup truck. On the evening of May 18, 1967, Stroup,

Meiners, Baughman and Coers went to the Admiral Corporation warehouse, and while Stroup engaged the guards in conversation, Baughman entered the basement and handed Coers and Meiners sixteen television sets through a basement window. Coers and Meiners placed the items in the pickup truck and unloaded them in Sterling where defendant Stroup turned them over to Williams for approximately $800.

Defendant further testified that he was twenty years old and a high school graduate; that when he was fourteen he was convicted for cutting a convertible top and placed on probation; that when he was seventeen he was convicted of stealing gasoline and again placed on probation; and that at various times he had been arrested and fined for liquor violations and for speeding.

Defendant had gone to work for Admiral fourteen months previously. He admitted at the hearing that he and Baughman had previously taken twelve phonographs and two boxes of speakers from Admiral and turned them over to Williams. After the theft in question he, with Baughman, took three additional television sets from Admiral and disposed of them.

The statements of defendants, Meiners and Coers, were introduced. Meiners and Coers stated that they received fifteen dollars each as their part from defendant and Baughman.

Defendant's father testified favorably to his son's character.

Coers and Meiners were granted probation with two weeks' confinement in the county jail. Baughman at a subsequent separate hearing was granted probation with the first sixty days to be spent in the county jail. The transcript of record does not reveal any reference to previous criminal records of any of the codefendants.

Defendant relies upon People v. Freeman, 49 Ill App2d 464, 200 NE2d 146 (1964) and People v. Steg, 69 Ill

App2d 188, 215 NE2d 854 (1966). In Freeman the defendant was granted probation on robbery charges while his codefendants were sentenced to the penitentiary for 1 to 3 years. Upon a subsequent revocation of Freeman's probation he was sentenced to 10 to 20 years. In reducing the sentence to 4 to 10 years, the Appellate Court referred to the fact that the other defendants had received "substantially smaller sentences" from the trial court.

In Steg, the defendants, Steg and Bravo, were sentenced to 5 to 20 years upon a plea of guilty to the offense of armed robbery. A third defendant, Witt, was sentenced to 2 to 10 years, to run consecutively with a previous 2 to 10-year sentence imposed upon him in Iowa. Witt was shown to be the instigator of the crime. The defendants, Steg and Bravo, had only disorderly conduct and traffic violations on their records. Witt had been sentenced first, and in sentencing Steg and Bravo the trial court specifically stated that he had made a mistake in sentencing Witt and wasn't going to make "a mistake likewise" in sentencing these defendants. The Appellate Court, under these circumstances, reduced the sentences of Steg and Bravo to 2 to 10 years, stating in its opinion that if all of the defendants had been sentenced to 5 to 20 years it would not have interfered with the sentence.

Neither of the cited cases, in our opinion, provide a basis for a reduction in sentence on this appeal under the provisions of chapter 110A, § 615(b), Ill Rev Stats 1967 (Supreme Court Rule 615). In both the Freeman and Steg cases, supra, the record was devoid of any evidence which could account for the disparity in sentencing. Here, the record furnishes a basis for the different sentence imposed upon defendant than that imposed upon each of his codefendants. Defendant was the main instigator of the crime with Baughman. He was an employee who could impose upon his position and decoy the guards. He had a previous record of un-

successful attempts at rehabilitation through probation, while the record is silent as to any previous offenses by Baughman. The remaining defendants had no previous record and were not instigators or planners of the crime, nor participants in other thefts as were defendant and Baughman.

█ We find no abuse of the trial court's discretion justifying interference with a sentence which is within statutory limits and not disproportionate to the nature of the offense. People v. Smith, 14 Ill2d 95, 98, 150 NE2d 815 (1958); People v. Conway, 85 Ill App2d 165, 174, 228 NE2d 548 (1967); People v. Johnson, 68 Ill App2d 275, 281–282, 215 NE2d 144 (1966).

██ Defendant has made the statement in Brief and in oral argument that the trial court did not make available a probation report for his inspection, and none is found in the record. Both sides have agreed before this court that the trial judge did have a probation report before him at the hearing. We believe the better practice would be to make such a report available to a defendant and to incorporate it into the record so as to give the reviewing court as complete as possible a view of the matters relied upon by the sentencing judge. People v. Smice, 79 Ill App2d 348, 354, 223 NE2d 548 (1967). However, in this case there was a full hearing in aggravation and mitigation and upon defendant's motion for probation with no denial of defendant's introduction of any mitigating circumstances he could propose. The evidence taken at the hearing including defendant's own testimony apprised the court of the salient elements necessary to make an intelligent determination of the proper sentence to be imposed and there is nothing in the record to indicate that the disclosure of the probation report could have materially affected the result. People v. Hamby, 6 Ill2d 559, 566, 129 NE2d 746 (1955); People v. Lyons, 61 Ill App2d 340, 346–347, 210 NE2d 552 (1965).

Finally, in his Brief and Argument defendant questions whether "it is permissible to include in the record on appeal the jointly executed opinions of the State's Attorney and the Trial Judge under the heading of 'Official Statement to the Department of Public Safety' . . . without notice to appellant or his counsel." The legislature has provided for such a report to be submitted by the prosecuting attorney and forwarded to the warden. Ill Rev Stats 1967, c 108, § 152. No prejudice to the defendant is evident in the inclusion of the report and we find no error in this respect. The joinder of the trial judge in the statement and its inclusion in the record is, moreover, salutary in providing a statement in this record of his reasons for the particular sentence.

We therefore affirm.

Affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.