**People of the State of Illinois, Plaintiff-Appellee, v. Vernon P. Forman, Defendant-Appellant.**

**Gen. No. 11,060.**

Fourth District.

May 22, 1969.

Donald B. Mackay, Public Defender, of Bloomington, for appellant.

Hugh A. Henry, Jr., State's Attorney of McLean County, of Bloomington, for appellee.

CRAVEN, J., delivered the opinion of the court.

Defendant appeals from a conviction upon a plea of guilty to the offense of theft. Probation was denied and the defendant was sentenced for a term of not less than two nor more than five years in the Illinois State Penitentiary. The defendant's theory is stated to be that the sentence is void and that consequently the judgment of conviction must be set aside. He bases this assertion upon an alleged abuse of discretion by the trial court in permitting and considering hearsay information contained in the probation officer's report.

The case of People v. Donovan, 376 Ill 602, 35 NE2d 54 (1941), is cited to us for the proposition that judicial action upon a petition for probation "is not an arbitrary discretion to be exercised at the mere will or whim of the court, but is a sound legal discretion dependent for its exercise upon the facts shown." (At 376 Ill 606, 35 NE2d at 56.)

After the plea of guilty, a petition for probation was filed and a hearing was scheduled. At the time of this hearing it was agreed by counsel for the prosecution and the defense that the hearing would be both a hearing on the petition for probation and a hearing in aggravation and mitigation. Although these are in some respects different areas of inquiry, both are designed to produce relevant facts for the trial judge to assist him in arriving at an appropriate determination on the issue of probation—and if the defendant is to be sentenced, upon the sentence.

This court is mindful of the fact, from the reports of the Court Administrator, that in some eighty-five percent or more of all felony cases that are terminated in conviction in this state, the conviction is based upon a plea of guilty. In such cases, absent a hearing in mitigation and aggravation or a petition for probation and hearing thereon, or a presentence investigation, the sentencing judge would have little information as to the substantive offense to aid him in arriving at a decision as to appropriate action. In People v. Spann, 20 Ill2d 338, 169 NE2d 781 (1960), Annot, 96 ALR2d 764, 768, the Illinois Supreme Court departed from prior decisions as to limitations upon the trial court in searching out information that might be helpful in the resolution of his sentencing problem. There (at 20 Ill2d 343 (169 NE2d 783–784, 96 ALR2d 767)) the court quoted with approval from the opinion in the case of Williams v. New York, 337 US 241, 247, 69 S Ct 1079, 1083, 93 L Ed 1337, 1342 (1949), as follows:

483

" 'Rules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged. These rules rest in part on a necessity to prevent a time consuming and confusing trial of collateral issues. They were also designed to prevent tribunals concerned solely with the issue of guilt of a particular offense from being influenced to convict for that offense by evidence that the defendant had habitually engaged in other misconduct. A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence applicable to the trial.' "

This court, in People v. Harden, 78 Ill App2d 431, 222 NE2d 693 (4th Dist 1966), vacated a sentence when it appeared that the sentencing judge was lacking in adequate information upon which to base a sentence. The Supreme Court affirmed (38 Ill2d 559, 232 NE2d 725 (1968)). In People v. Spaulding, 75 Ill App2d 278, 220 NE2d 331 (4th Dist 1966), People v. Biggs, 89 Ill App2d 324, 231 NE2d 626 (4th Dist 1967), and People v. Daugherty, 106 Ill App2d 250, 245 NE2d 7 (4th Dist 1969), we discussed sentencing problems and procedures. We have consistently held that a sentencing judge should obtain the fullest information possible in order to arrive

■■■■■■■■

at a proper sentence. This is what the trial court did here.

There is no question but that the report of the probation officer (in fact, there were two probation officers' reports with striking similarity) contained information hearsay in nature. From this record, it is equally apparent that the content of the report was known to the defendant and he was given adequate opportunity to refute anything in it of a derogatory nature.

In Daugherty we held that information on a "rap sheet," even if hearsay, could be considered. We adhere to that view. However, see People v. Jackson, 95 Ill App 2d 193, 238 NE2d 196 (1st Dist 1968), where the trial judge gave consideration and weight to record of prior arrests and other encounters with the law which did not result in convictions. See also People v. Drewniak, 105 Ill App2d 37, 245 NE2d 102 (1st Dist 1969), wherein the court discusses the same issue in a somewhat different context.

In Gregg v. United States, 394 US 489, 89 S Ct 1134, 22 L Ed2d 442 (1969), the court held that presentence reports are not subject to formal limitations as to their content and they may rest on hearsay and contain information bearing no relation whatsoever to the crime with which the defendant is charged. Under the Federal Rules of Criminal Procedure even the contents of the document are not required to be made available to the defendant as a matter of right.

■ ■ In the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968), a distinguished committee, after an in-depth study, discussed at length presentence investigative reports and the availability of those reports to counsel for the defendant. Essentially, it recommends that the report be made available to the defendant. We agree with our colleagues in the Second District (People

v. Stroup, 96 Ill App2d 315, 239 NE2d 1 (2nd Dist 1968), that the better practice is to make a probation report or a presentence report available to the defendant so that he may refute any derogatory information contained in it. The report or recommendation should be in the record so that, upon appeal, it may be reviewed by the reviewing court on sentence issues. That has been done in this case. The action of the trial court here in seeking to the fullest extent possible relevant information about the defendant was proper. The judgment of the Circuit Court of McLean County is affirmed.

Affirmed. ¨

TRAPP, P. J. and SMITH, J., concur.