The People of the State of Illinois, Plaintiff-Appellee, v. Homer Jim Stallings and Travis Glenn Long, Defendants-Appellants.

Gen. No. 70–21.

Fifth District.

August 31, 1970.

Bruce N. Cook, of East St. Louis, for appellant.

C. Glennon Rau, State's Attorney of Monroe County, of Waterloo, for appellee.

PER CURIAM:

Defendants Homer Jim Stallings and Travis Glenn Long appeal from their convictions of theft in the Circuit Court of Monroe County for which they each received a sentence of one to three years in the Illinois State Penitentiary.

Defendants were arrested in Moscow, Texas, on July 9, 1969 by the Texas Highway Patrol while in possession of a vehicle reported stolen in Waterloo, Illinois. On July 11, 1969 defendants were served with a warrant for their arrest issued by Monroe County, Illinois, and at the request of Monroe County authorities, signed a waiver of extradition. Defendants were released to personnel of the Monroe County Sheriff's Department on July 24, 1969 and were returned to Illinois on July 26, 1969. They were brought to trial on November 17, 1969, 117 days after their return to Illinois and 129 days after they were served with a warrant and waived extradition. Defendants filed an appropriate motion to dismiss pursuant to chapter 38, section 103-5, which was denied by the trial court.

The only question on appeal is whether the 120 day rule (Ill Rev Stats 1967, c 38, § 103-5) begins to run when the State of Illinois was entitled to custody after defendants were served with a warrant and waived ex-

■■■■■■

tradition in another state, or when defendants are physically taken into custody in the State of Illinois.

Section 103–5 provides in part: "Every person in custody in this state for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody, unless delay is occasioned by the defendant. . . ." and Subparagraph (d): "Every person not tried in accordance with subsections (a), (b) and (c) of this section shall be discharged from custody or released from the obligations of his bail or recognizance." (Ill Rev Stats 1967, c 38, § 103–5(a) and (d).)

Defendants contend that they were in custody within the meaning of Section 103–5(a) on July 11, 1969 when they were served with an arrest warrant issued by Monroe County, Illinois and signed a waiver of extradition, since on that date they were not being held for any other charge in Texas and were actually under the control of Illinois authorities.

There is much merit to defendant's argument; however, we are bound by the language of People v. Hayes, 23 Ill2d 527, 179 NE2d 660, which states unequivocally that the 120-day period does not commence until the accused is actually confined in Illinois on the charge. Since defendants were tried within 120 days from the day they were confined in Illinois, the trial court properly denied their motion to dismiss.

We wish to thank appointed counsel for writing an excellent brief in this case.

The judgment of the trial court is affirmed.

Judgment affirmed.