THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LUTHER PAUL GILLIAND, Defendant-Appellant.

(No. 69-7; ▮▮▮▮▮▮▮▮

Third District—February 18, 1971.

Theodore Gottfried, of Defender Project, of Ottawa, for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Luther Paul Gilliand, Defendant, was found guilty of the offense of attempted murder by a jury and was thereupon sentenced by the Circuit Court of Will County to a term in the penitentiary of from 10 to 15 years. On his appeal in this court defendant argues that he was denied a speedy trial, that improper evidence was considered in the hearing on aggravation and mitigation and that the sentence imposed was contrary to the standard regarding indeterminate sentences.

On January 13, 1968, Officer Hoskins was patrolling Illinois Route 53 and observed a blue car make a U-turn across the median strip. After

stopping the car Hoskins sought the production of an operator's license from the driver. He was first shown a badge and then a draft card. Upon further inquiry the driver, later identified as defendant, pulled out a gun and shot Hoskins in the hand. Defendant then drove off.

Several days later while questioning another person about other offenses defendant was implicated as the person shooting Hoskins. Defendant, then a member of the armed forces stationed in Fort Carson, Colorado, was arrested in Colorado on February 1, 1968, at the request of Will County authorities. He waived extradition and was returned to Illinois and placed in the Will County jail on February 9, 1968. On April 5, 1968, on motion of the State's Attorney, his trial was set for June 3, 1968, over objection of defendant that such trial date was beyond 120 days from his arrest. On June 5, 1968, defendant moved for discharge because of the delay of his trial beyond the 120 days contemplated by ch. 38, par. 103–5(a), 1967. The court denied such motion, the trial proceeded and defendant was found guilty and sentenced.

■■ The principal issue on this appeal is whether the "120 day rule" commenced to run from February 1, 1968, the date defendant was arrested in Colorado or February 9, 1968, the date defendant was placed in custody in Illinois. Defendant's claim to right of discharge is based on ch. 38, par. 103–5(a), 1967, which provides, "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within one hundred and twenty (120) days from the date he was taken into custody unless delay is occasioned by the defendant * * *". It is defendant's contention the period begins to run when defendant is taken into custody on the charge whether he is initially arrested in this State or some other state. Defendant argues that *People v. Terlikowski,* 83 Ill.App.2d 307, 227 N.E.2d 52, *People v. Hayes,* 23 Ill.App2d 527, 179 N.E.2d 660 and *People v. Tamborski,* 415 Ill. 462, 114 N.E.2d 469, which suggests contrary views, are not controlling and are of little significance because the observations in each of the cases are dicta. While it may be said that the decision in each of the aforementioned cases did not depend upon the application of the 120 day rule the observations of the court indicate in a general way that the statute is concerned with custody in this State. If the prosecution is to be faulted for failure to exercise appropriate diligence it does not seem to us that such diligence can be exercised or effectively measured when defendant is not in custody in this State. No claim is made that the prosecution failed to act diligently in securing defendant's return from Colorado. Where the defendant has fled the State as in the case at bar, thereby increasing the difficulties of prosecution, it does not appear to us that giving the statute effect only upon his return to

this State is an unreasonable application or contrary to the intent of the statute.

This same result was reached in the recent case of *People v. Stallings*, Ill.App.2d, 261 N.E.2d 839, decided by another division of this court. We are in accord with the result in *Stallings* and believe that such result is supported by the statute, *People v. Hayes, supra*, as well as the underlying reasons for the statutory rule itself. Defendant's motion for discharge was properly denied by the trial court.

A combined hearing was held on defendant's application for probation and in aggravation and mitigation. At this hearing the pre-sentence report of the Probation Officer was presented to the trial judge and considered by him although the Probation Officer did not testify. The report indicated that defendant had been arrested for but not convicted of several non-traffic offenses.

It is defendant's contention consideration of the pre-sentence report and its contents by the trial judge constitutes an erroneous and prejudicial procedure. We do not agree with defendant.

■■ We do not see how such procedure can be considered either erroneous or prejudicial. The pre-sentence report was considered by the judge apparently by agreement of counsel. Defendant testified in his own behalf, was well aware of the contents of the report and could if he so desired have refuted any errors therein. (*People v. Foreman*, 108 Ill.App.2d 482, 247 N.E.2d 917.) The Probation Officer was also present in court and could have been called to testify if defendant had so desired. Although arrests not leading to convictions are irrelevant in determining an appropriate sentence it appears from the report that such arrests contradicted defendant's statements to the Probation Officer. We conclude that the hearing was fair, afforded defendant an ample opportunity to have relevant matters considered and no prejudice has been shown.

This brings us to defendant's last assignment of error namely that the sentence is excessive. In this respect defendant argues principally that the difference between the minimum and maximum years is contrary to generally accepted standards applicable to indeterminate sentences.

■■ Defendant has directed our attention primarily to the standards recently proposed and adopted by the American Bar Association which provide that the minimum sentence ought to be one third of the maximum or that the maximum ought to be three times that of the minimum. A similar application of the indeterminate sentence principal has been proposed in the model penal code, the model sentencing code, and, has been adopted by statute in some other jurisdictions. We believe that such a standard for sentencing has merit and ought to be considered by trial

courts. However we are not prepared at the present time to say that such a standard has the force of law or is inflexibly applicable to every sentence imposed. We do not believe that the discretion to determine appropriate sentences is at the present time circumscribed by the formula that the minimum and maximum terms of an indeterminate sentence must bear the relationship of one to three before such sentence can be imposed or approved.

Finding no error in the judgment of the Circuit Court of Will County the judgment of said Court is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.