2 Ill. App.3d 939 (1971)
275 N.E.2d 215
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
FRED M. WILLIAMS, Defendant-Appellant.
No. 70-89.
Illinois Appellate Court  Third District.
November 5, 1971.
*940 Bruce Stratton, of Defender Project, of Ottawa, for appellant.
Edward P. Drolet, State's Attorney, of Kankakee, for the People.
Judgment affirmed.
Mr. JUSTICE SCOTT delivered the opinion of the court:
The defendant, Fred M. Williams, pleaded guilty to the offense of aggravated battery and was sentenced by the circuit court of Kankakee County to a term of imprisonment of not less than seven nor more than ten years. It is from this sentence that the defendant appeals.
The defendant and one James Bell, Jr., were rival suitors for the affections of a young lady named Mary Ann Brookshaw. On the night of October 25, 1969, the defendant was with Mary Ann Brookshaw in her apartment. There was some misunderstanding as to whether the defendant or Bell was to enjoy the young lady's company on that particular evening so she suggested that Bell be called and requested to come to the apartment so that the matter could be discussed. Bell responded to a telephone call and came to the Brookshaw apartment. There was apparently a short discussion between Bell, Mary Ann Brookshaw and the defendant as to who was to be recognized as the lady's suitor. The evidence is conflicting as to whether during the course of this discussion or disagreement Bell displayed a three inch knife, wielded such a knife, or in fact whether or not he even possessed such a knife, but the confrontation between Bell and the defendant ended when the defendant obtained a shotgun which he had hidden in the apartment and ordered Bell to leave. As Bell was attempting to comply with the defendant's command by turning and going down a stairway he was shot in the upper left shoulder and back. The victim Bell was hospitalized for a period of two months and six days. Testimony was presented by the victim that he no longer had the use of his left hand or arm.
After the shooting the defendant left Kankakee but returned and voluntarily surrendered to the sheriff on December 9, 1969.
The defendant was indicted for the crime of aggravated battery and subsequently entered a plea of guilty to such charge and made application for probation. A probation report was filed which recommended that the defendant be placed on probation, but this application for probation was later withdrawn. A hearing in aggravation and mitigation was had and on the night before the conclusion of such hearing the defendant, being incarcerated in the county jail, requested permission to make a telephone call. This request was granted and the call made, but as the defendant was being returned to the cell block he attacked a deputy sheriff, striking him on the head and shoulder. A scuffle for possession of the cell block keys ensued but the defendant was subdued and returned to his cell. The deputy sheriff was treated at the hospital *941 for injuries received in the altercation. The defendant testified that the incident occurred when he was called "a big black brazen bastard" by the deputy sheriff. The deputy denied making any such remarks or doing anything to provoke the attack.
The record further discloses that when the defendant entered his plea of guilty to the charge of aggravated battery he did so upon the representation of the State's Attorney that a pending armed robbery charge against him would be nolle prossed. Evidence of this latter charge was presented during the hearing on aggravation and mitigation by a witness named William Ludwig, who stated that while driving a yellow cab the defendant robbed him of $30.00, his watch, and then shot him in the abdomen, as the result of which he was hospitalized for 22 days. The testimony was not refuted or denied by the defendant.
Other testimony pertinent to this appeal is that the defendant is 22 years of age, unmarried but supports a child born out of wedlock by providing child support payments in the amount of $25.00 per week. The defendant had been somewhat steadily employed since 1965 and has no previous felony convictions but did serve six months in the Vandalia State Farm for driving a motor vehicle without a valid driver's license and later served a term of three months imprisonment at the same institution for committing the crime of theft.
The only issue raised by the defendant in this appeal is that the sentence imposed is excessive and disproportionate to the offense and therefore should be reduced.
There is no question but what this court possesses the power to reduce a sentence. Such authority is specifically granted by Supreme Court Rule 615(b)(4). (Ill. Rev. Stat., ch. 110A, par. 615(b)(4).) Consequently in exercising or refusing to exercise this power we must look to the pronouncements made under this rule. In People v. Taylor, 33 Ill.2d 417, 211 N.E.2d 673, our Supreme Court stated:
"Reviewing court's authority to reduce sentences imposed by trial courts where circumstances warrant should be applied with considerable caution and circumspection, since trial judge ordinarily has superior opportunity in course of trial and hearing in aggravation and mitigation to make sound determination concerning punishment to be imposed than do appellate tribunals."
 1 So while we are specifically granted authority to reduce sentences imposed by trial courts, it is quite clear that we must exercise such power with caution and circumspection. People v. Poff, Ill. App.2d, 268 N.E.2d 58.
 2 Seeking guidelines to assist us in the determination of the issue presented in this appeal, we encounter the very clear, concise and *942 comprehensive recommendations set forth in People v. Buell, 120 Ill. App.2d 367, 256 N.E.2d 845, where the court stated:
"In imposing a sentence, the trial court has an obligation to the public as well as to the person found guilty of a crime. In addition, the sentence is significant to the institutional officials in their program of rehabilitation in connection with the incarceration of the convicted person. Thus, in sentencing, the court must consider the punishment warranted under the circumstances of the particular case, the protection of the public, and the potential for rehabilitation of the party being sentenced. The circumstances of the case include the nature of the offense, the attending circumstances, the character and propensities of the offender, his family, work record, past delinquencies, his potential for rehabilitation, and all other pertinent matters."
Accepting the foregoing guidelines and recommendations we must determine their effect upon the case before us. We are cognizant of the fact that the defendant is only 22 years of age and has maintained a somewhat steady record of employment. While having been twice incarcerated in the Vandalia State Farm, the record is barren of any felony convictions other than this one before us on appeal. We cannot, however, ignore the fact that the defendant committed a crime which did cause great bodily harm and there is a serious question as to whether the victim of the aggravated battery did anything to provoke the defendant's action.
We are also mindful of the fact that the probation officer submitted to the court a detailed report wherein it was recommended that the defendant be granted probation. However, subsequent to the filing of this report and prior to the conclusion of the hearing on aggravation and mitigation the defendant assaulted and injured a deputy sheriff of Kankakee County who had released the defendant from his cell for the purpose of permitting him to make a personal phone call. The defendant testified that this attack was provoked by remarks directed to him by the deputy sheriff. It appears to us unlikely that the very individual who would grant a favor to the defendant by releasing him from his cell and permitting him to use a telephone would couple such consideration with a vile epithet. What is material is that the attack by the defendant upon the deputy sheriff shows his penchant for violence.
 3 While not raised in the defendant's appeal brief, his counsel during oral argument before this court strongly urged that the trial judge when imposing sentence was prejudiced against the defendant as the result of the testimony of the witness Ludwig, who had been the victim of an armed robbery and had been shot during the course of the crime. The defendant was charged with the commission of this crime against Ludwig *943 and the record discloses that the charge was dismissed by the State's Attorney as the result of a negotiated understanding that the defendant would enter his plea of guilty in the case before us. No objection was made by the defendant as to the testimony of Ludwig during the hearing on aggravation and mitigation. While such testimony may not be the best practice in such hearings it was not objected to by the defendant and under the law of our state we cannot hold such testimony inadmissible. See People v. Popescue, 345 Ill. 142, 177 N.E. 739; People v. Riley, 376 Ill. 346, 33 N.E.2d 869.
 4 A sentencing court is not confined to evidence showing guilt or bound by rules of evidence at trial but may look to facts of crime and search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate offense, inquiring into general moral character of defendant, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, his motivations, and his life, family, occupation and record. People v. Adkins, 41 Ill.2d 297, 242 N.E.2d 258.
 5, 6 It is clear from the record that the trial judge took into consideration all the evidence that was adduced in this case, including the report of the probation officer. The trial judge prior to sentencing made a comprehensive statement summarizing the evidence both favorable and unfavorable to the defendant which would guide him in arriving at what he deemed to be a proper sentence. It was the conclusion of the trial judge who was in the best position to observe the manner and demeanor of the defendant that he would in all probability commit another offense unless rehabilitated in the penitentiary and that the likelihood of such rehabilitation was dependent upon the length of the sentence, since it was necessary for the defendant to receive psychiatric, therapeutic and other related treatments pertaining to rehabilitation. It was the judgment of the court that the defendant be sentenced to a term of imprisonment of from seven to ten years. We can only conclude that the sentence imposed was proper under the totality of circumstances rule which was set forth in the case of People v. Barnes, 118 Ill. App.2d 128, 255 N.E.2d 18. The imposition of sentence is peculiarly within the discretion of the trial court and this discretion should not be interfered with unless it is clearly abused. (People v. Nordstrom, 73 Ill. App.2d 168, 219 N.E.2d 151; People v. Hanserd, 125 Ill. App.2d 465, 261 N.E.2d 317.) We find no such abuse and therefore under the circumstances of this case a reduction of sentence is not warranted and the judgment of the circuit court of Kankakee County is affirmed.
Judgment affirmed.
ALLOY, P.J., and DIXON, J., concur.