THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WADE McDANIEL, Defendant-Appellant.

(No. 72-72; )

Second District—October 26, 1972.

Frank Wesolowski, Jr., Public Defender, of Wheaton, (Robert H. Heise, Deputy Public Defender, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant pleaded guilty to theft over $150, there having been a plea bargain whereby the State would recommend probation providing the Probation Department recommended it. The Probation Department did not recommend probation and defendant's application therefor was denied. He was sentenced to one to four years in the penitentiary.

The only question presented is whether the Court abused its discretion in denying probation to this defendant.

On August 27, 1971, defendant was in charge of a grocery store owned by his mother and stepfather. On the following day it was discovered that money, checks and American Express money orders totalling $7000, and a money order printer were taken from the store. The defendant did not return to his home and his car was later found parked at O'Hare Airport. The following October the defendant voluntarily submitted to

arrest. When he appeared in court for arraignment without counsel, the public defender was appointed to represent him. In December defendant appeared in court with his attorney and, after being admonished and advised as to sentence, pleaded guilty. The plea bargain was made at that time; however, the defendant understood that even if probation was recommended the trial court was not bound to grant it.

At the probation hearing copies of the probation report were in the possession of the trial court, the prosecutor, and the defendant. As above stated, the report did not recommend probation. The Court imposed sentence upon the defendant.

■■ The defendant does not point to any matters in the report which are inaccurate or untrue. He refers to a lack of documentation and characterizes some of the material as hearsay. However, hearsay is permissible in a probation report. (*People v. Forman* (1969), 108 Ill.App.2d 482, 485; *Gregg v. U.S.* (1969) 394 U.S. 489, 492.) The defendant had adequate opportunity to refute any adverse or derogatory information contained in the probation report. He did not do so.

■■ The trial court had before it a comprehensive pre-sentence report, heard witnesses, and observed the demeanor of the defendant and the witnesses. There was no error in the trial court's consideration of the report, in the denial of probation, and the imposition of sentence. The defendant had a fair hearing and has not shown affirmatively that the trial court abused its discretion or that the trial court's decision was purely arbitrary. See *People v. Molz* (1953), 415 Ill. 183, 190.

The judgment of the trial court is therefore affirmed.

Judgment affirmed.

GUILD and T. MORAN, JJ., concur