THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD FIELDS, Defendant-Appellant.

(No. 72-131;

Second District—December 27, 1972.

1046

James P. Moore and Charles A. Sheridan, both of Waukegan, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Donald Fields, was charged together with a co-defendant, Bruno Koziol, in a two count indictment returned on January 4, 1972, by the grand jury of Lake County for the offenses of armed robbery and robbery. Both counts of the indictment were based on the alleged robbery of William Dion on November 21, 1971.

On February 4, the defendant appeared in court and informed the trial judge, through his counsel, an assistant public defender, that he wished to plead guilty to count II of the indictment charging him with robbery. Upon inquiry by the court, the prosecutor stated that the State had agreed to *nolle pross* the armed robbery count upon the defendant's plea of guilty to the lesser charge. The court stated that he construed this arrangement to be a plea agreement and asked the parties to summarize the evidence. The prosecutor indicated that the State's evidence would show that Dion, a sailor stationed at Great Lakes, was picked up while hitch-hiking by Koziol and Fields. Dion was threatened by Fields and

struck by a broken beer bottle. The two defendants then took his wallet, containing $134 in cash or travelers checks, and let him out of their car. Fields and Koziol both told the judge that they picked up Dion and took his wallet but denied threatening or striking him.

The court proceeded to make inquiry as to the complete agreement between the State and Fields and to thoroughly admonish him as to his rights and the effect of his plea. Part of the colloquy was as follows:

"THE COURT: No one promised you if the court feels you should not get probation, as to what the sentence should be, other than the minimum must be at least one year, and the maximum can't be more than 20 years, but in that range you understand it is entirely up to the judge; you both understand that?

MR. KOZIOL: Yes, your Honor.

MR. FIELDS: Yes.

THE COURT: And there are no other promises made to you at all?

MR. KOZIOL: None.

THE COURT: Other than the promise by the State not to proceed with the armed robbery charge. So agreed both of you.

MR. KOZIOL: Yes, sir.

MR. FIELDS: Yes, sir.

* * * THE COURT: You further understand that except for the agreement that the State would not proceed with the charge of armed robbery, as to whether or not you would get probation, or what its terms would be, or whether or not you are sentenced to the penitentiary for a term of not less than one or more than 20 is entirely up to the judge; you both understand that?

MR. KOZIOL: Yes, I do.

MR. FIELDS: Yes."

The court then accepted Fields' plea of guilty to count II and the charge of armed robbery was *nolle prossed*. Fields was given leave to file a petition for probation and the matter continued until March 2 for hearing on that petition and in aggravation and mitigation.

Dion appeared at the March 2 hearing and testified, over the objection of the defendant, that after he was picked up by the two defendants he was driven to an open field. Fields there opened the car door, broke a beer bottle and held the broken bottle against Dion's throat and demanded his money. Dion further testified that Fields pushed the bottle against his throat, cutting him, and cut his hand when he attempted to resist. A detective from the Waukegan police department testified that he saw Dion on the night of November 21 at a hospital where he was being treated for cuts on his neck and hand. Fields testified on his own

behalf and again denied that he had threatened or cut Dion. At the conclusion of the hearing, the court denied the petition for probation and sentenced Fields to a term of 3 to 10 years in the penitentiary.

On appeal, the defendant contends that the trial court, in effect, proceeded to try him for the offense of armed robbery, contrary to his plea agreement, when it considered the testimony presented at the hearing on his petition for probation and in mitigation and aggravation relative to the broken bottle and Dion's injuries. The consideration of that evidence, he argues, made a "charade" of the plea negotiation and resulted in the excessive sentence imposed. We cannot agree.

It is undisputed, and clearly supported in the record, that the only promise made to the defendant was that he would not be prosecuted for the offense of armed robbery. That promise was fulfilled when the first count of the indictment was *nolle prossed* after his plea to the lesser charge was accepted. There is nothing to show that the defendant was promised that the State would not present evidence in aggravation of the offense of robbery that a weapon had been used in the course of the robbery or that Dion had been injured.

■■ The Illinois Criminal Code provides that the court shall, for the purpose of determining the sentence to be imposed after conviction consider the evidence, if any, received upon the trial and "* * * may consider such evidence in aggravation or mitigation of the offense." (Ill. Rev. Stat. 1971, ch. 38, sec. 1—7(g).) As has been pointed out, such a hearing is of particular importance in those cases in which the conviction is based on a plea of guilty since the trial judge has little else to aid him in imposing a proper sentence. (*People v. Forman,* 108 Ill.App.2d 482, 483, 247 N.E.2d 917, 918.) The object of such a hearing is to "* * * guarantee, so far as possible, that the penalties imposed on convicted persons will be proportionate to the offense and tailored to the past record and rehabilitation potential of the offender." *People v. Jackson,* 103 Ill.App.2d 209, 223-224, 243 N.E.2d 551, 558.

■■ Among the factors to be considered by a trial court in imposing a sentence are the circumstances attending the commission of the offense so that the court can properly assess the protection for the public and the potential rehabilitation of the accused. *People v. Williams,* 2 Ill.App.3d 939, 943, 275 N.E.2d 215, 217; *People v. Buell,* 120 Ill.App.2d 367, 371, 256 N.E.2d 845, 847.

■■ In order to properly assess the sentence to be imposed in this case, it was essential for the trial judge to be informed as to the circumstances of the robbery. Certainly, the evidence that a weapon was used in the commission of that crime was a significant factor in the determination of the proper sentence to be imposed. However, that is not to say that the

consideration of that evidence amounted to either a prosecution or conviction for the offense of armed robbery.

We have considered the cases cited by the defendant in support of his contention that it was improper for the court to consider the evidence of any weapon used or injuries suffered at the hearing in aggravation. All of those cases involve the introduction of evidence of incidents completely unrelated to the offense for which a sentence was to be imposed and have, for that reason, no application to this case.

■■ The defendant also urges that the sentence of 3 to 10 years was excessive and asks that we reduce it pursuant to our power to do so under the Supreme Court Rules. (Ill. Rev. Stat. 1971, ch. 110A, sec. 615 (b)(4).) As has been frequently pointed out, this power should be exercised with considerable caution. *People v. Buell,* 120 Ill.App.2d 367, 371, 256 N.E.2d 845, 848; *People v. Taylor,* 33 Ill.2d 417, 424, 211 N.E.2d 673, 677.

■■ The imposition of a sentence is ordinarily within the discretion of the trial court. (*People v. Nordstrom,* 73 Ill.App.2d 168, 183; 219 N.E.2d 151, 159.) We are satisfied that the court did not abuse its discretion in this instance.

■■ Although the defendant had no prior felony convictions, his past record, including a considerable number of misdemeanor convictions, indicate that he was a poor prospect for probation. In view of the nature of this offense, and his apparent lack of remorse for it, we do not feel that the sentence was excessive.

For the reasons stated, the sentence imposed by the trial court will be affirmed.

Judgment affirmed.

GUILD and WOODWARD, JJ., concur.