THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN O. POHLE III, Defendant-Appellant.

(No. 74-2; )

Fifth District—May 15, 1974.

Robert E. Farrell and James R. Streicker, both of Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

On June 22, 1973, two separate indictments were returned in the Circuit Court of St. Clair County charging the defendant with the burglary of a filling station and of a residence. On September 10, 1973, with the legal assistance of a member of the Public Defender's staff, the defendant changed his plea to guilty and the trial court after accepting the plea set a sentencing hearing for October 1, 1973. The guilty plea was not negotiated.

There is no quarrel with the court proceedings before, during or after the plea of guilty entered by the defendant. He was adequately represented by counsel, and the trial court properly admonished him as to the law and the consequences of his plea. The defendant's sole contention is that the concurrent sentences imposed are excessive and should be reduced.

The pre-sentence report and the proceedings at the sentencing hearing on October 15, 1973, reveal the defendant at that time was 18 years of age and had dropped out of high school a couple of years earlier and

had held various jobs. The report also shows that, although he had been arrested several times before, there was only one conviction and that was for criminal treaspass to land for which he was fined $20. Defendant was dishonorably discharged after 6 months in the Army for going AWOL on two occasions. After his plea of guilty and before the sentencing hearing, defendant was issued two tickets for an incident during which a shotgun was discharged in the rear of the filling station where he was working. The disposition of this case is not known and is not in the record.

In mitigation, defendant showed that he had been working and had enrolled at Bailey Technical School in St. Louis for a year's course as a mechanic. The pre-sentence report refers to defendant's prior juvenile record, but there is nothing to suggest that there had been any other conviction except for the criminal trespass to land.

The defendant argues that his case is a proper one for sentence reduction because of his youth, lack of violence, good family relations, career plans and lack of any serious record. The State has filed a brief which amounts to a demurrer to the appellant's brief.

There is no question that the Unified Code of Corrections applies in this case. The defendant was afforded a sentencing hearing in conformity with section 1005—4—1 of the Unified Code. As burglary is a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum set by the court. The maximum term cannot exceed 20 years for a Class 2 felony.

The offenses which constituted the two burglaries encompassed one night during which a filling station and a house were broken into and cartons of cigarettes, three guns and an electric blanket were taken. Two companions accompanied the defendant during the burglaries. All of this property was recovered. No one suffered any personal injury or loss. Under these facts the nature and circumstances of the offense do not warrant a minimum term greater than 1 year.

■■ The history and character of the defendant must next be examined by the trial court in determining whether or not the minimum term should exceed 1 year. The evidence before the court at the sentencing hearing shows that the defendant is young, from a broken home, a high-school dropout who has worked at various jobs and has been convicted once for criminal trespass to land. Records of previous arrests which have not led to convictions should not be considered in aggravation or in justifying a greater minimum term than 1 year. (*People v. Bowlin*, 133 Ill.App.2d 837; *People v. Jackson*, 95 Ill.App.2d 193.) The statute is extremely clear that unless the nature and circumstances of the offense and character of the

defendant warrant a higher minimum term, the minimum term "shall be one year". Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).

■■ In *People v. Hogue*, 1 Ill.App.3d 881, the defendant was 28 years old, divorced and had a prior conviction for disorderly conduct. He pled guilty to burglary and was sentenced to 3 to 10 years in the penitentiary. Upon this record this court reduced Hogue's sentence to 16 months to 4 years. The following language from *People v. Harpole* (1968), 97 Ill. App.2d 28, is also cited in *People v. Cooke*, 117 Ill.App.2d 296; *People v. Collins*, 123 Ill.App.2d 138; *People v. Turner*, 129 Ill.App.2d 24:

> "The purpose of modern-day penology is the rehabilitation of the offender. That sentence which has the greatest potential of restoring the offender to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safeguarding the public from further offenses is the one which should be imposed."

Therefore, in light of the philosophy expressed in the *Harpole* case and followed in subsequent opinions and the fact that the statutory criteria have not been met, we believe this case warrants a reduction in sentence. The judgment of conviction is affirmed, and the trial court's sentence of 3 to 9 years in the penitentiary is reduced to 1 year to 3 years.

Judgment affirmed as modified.

G. MORAN, P. J., and EBERSPACHER, J., concur.