THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE GRANT HIGHTOWER, Defendant-Appellant.

Third District    No. 75-97

Opinion filed May 12, 1976.

Robert Agostinelli and Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Frank Yackley, State's Attorney, of Ottawa (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of La Salle County finding defendant, Jesse Hightower, guilty of robbery pursuant to a plea of guilty and sentencing him to a term of imprisonment of not less than 3 years nor more than 9 years. On this appeal the only issue raised regards the propriety of the sentence.

Defendant contends the court improperly considered substantive evidence of other charges against him. Such charges had not resulted in convictions. Also, at least in part, according to defendant, the court based the sentence upon the original charge of armed robbery even though defendant had only pleaded guilty to an amended charge of robbery.

On January 17, 1974, defendant was indicted for one count of armed robbery, one count of theft and two counts of attempted armed robbery. The charges regarding the count for armed robbery grew out of the armed robbery of "The Book Shelf" in Streator, Illinois, on December 13, 1973. Defendant's motion to suppress four separately transcribed confessions was denied. Defendant changed his plea to guilty on count 2 of the indictment, which count had been amended by the State from armed robbery to robbery. The remaining three counts were dismissed upon motions by the State. A plea bargaining agreement was disclosed which included an understanding the State would recommend at the sentencing hearing a sentence of no more than 3 to 9 years' imprisonment and possibly less. Such recommendation would not be binding on the court.

The sentencing hearing was held on February 28, 1975. Portions of the presentence report and the summary of the report were objected to by defense counsel. The portions of the presentence report objected to include the allegations that on January 9, 1974, a police officer was involved in a high speed chase as a result of a complaint alleging theft by failure to pay for gasoline. As a result of this incident arrest citations for reckless driving, attempting to elude a police officer, unlawful use of license, no firearms and I.D. card, and possession of stolen property were issued against defendant. It also stated no disposition of these charges had been made. The report stated further that it was alleged defendant

admitted to one armed robbery (the instant case), two attempted armed robberies, and one purse snatching. Of these four latter charges it stated only the charge for armed robbery reduced to robbery had been prosecuted. The report also stated that on being charged with breaking into a school on April 10, 1971, and removing two I.B.M. typewriters, an agreement was made by defendant with the State's Attorney's office whereby defendant was allowed to enter the Marine Corp. After being in service for a short while, defendant admitted to going AWOL and receiving an undesirable discharge. The presentence report also noted no prior police record on defendant could be found. The court stated legal argument on the objections would be postponed until the end of the hearing.

The State called Raymond Price who described the events of the robbery to which defendant pleaded guilty. Price had previously pleaded guilty to an attempted armed robbery occurring at Daniel's Motel in La Salle for which he received 2 years' probation. Price stated defendant asked Price to obtain a paring knife and then defendant took the knife into The Book Shelf where he committed the robbery while Price drove around. Price also related, over objections, defendant's alleged attempt on December 28, 1973, to rob a lady in Kroger's parking lot. Also over objection Price told about an alleged purse snatching on the same night. Price continued, over objections, with an account of the stealing of a car from a car dealership in Streator on a subsequent night. Price took the car accompanied by defendant. Price said they drove to Daniel's Motel in La Salle and there defendant urged Price to rob the place. This time defendant waited in the car while Price went inside armed with a rifle. No money was taken. Price also stated defendant drove to a gas station and took off without paying for a fill-up and three quarts of oil. All charges against Price, except for the attempted armed robbery, had been dropped but Price had a current charge pending in Livingston County for contributing to the delinquency of a minor.

Two other witnesses were called by the State, a police officer and a court reporter, who testified regarding the confessions made by defendant while in police custody. Defendant objected to the relevancy of these confessions. At the end of the hearing the court ruled it would not consider any evidence of prior arrests not resulting in convictions, but the confessions could be considered on sentencing.

Defendant testified that on the evening of the Kroger parking lot incident and the purse snatching described by Price, he was for a part of the evening attending a party. Defendant submitted a notice of alibi defense. He said that after denying to police officers any involvement in the various incidents he eventually made the confessions but soon thereafter tried to retract his statements. He said the statements were

untrue except for the one pertaining to The Book Shelf robbery to which he was pleading guilty. Defendant stated he gave the statements to get out of jail and later retracted them because he learned the police had tricked him by saying Price had implicated him in other deals. At the conclusion of the evidence the State argued a pattern of behavior was established by the testimony of Price and by defendant's confessions to the various crimes. The State recommended a sentence of not less than 3 years and not more than 9 years. The court followed the State's recommendation stating that one must conclude defendant committed an armed robbery, even though he was charged with robbery, and that public policies related to armed robbery have to do with the seriousness of this offense. The court added it need only consider defendant's confession to the instant Book Shelf robbery and the nature of the offense to follow the State's Attorney's recommendation of 3 to 9 years' imprisonment.

The principal or general issue here is whether the trial court committed reversible error by considering evidence of other charges against defendant which had not resulted in convictions and by basing the sentence, at least in part, upon the original charge of armed robbery.

The general rule is that records of previous arrests which have not led to convictions should not be considered in aggravation. (*People v. Pohle*, 19 Ill. App. 3d 400, 311 N.E.2d 731.) Defendant argues that mere charges must not be used against him in the determination of a sentence for an unrelated conviction. In the instant case considerably more than mere charges was presented. Raymond Price testified. A police officer and court reporter testified regarding confessions made by defendant while in police custody. The court itself stated "* * * So to the extent that there is any evidence of prior arrests which did not result in convictions standing alone, I will not consider that, for any purposes here in sentencing. However, if there is a confession by the Defendant that he did in fact commit other crimes for which he was not convicted, I will consider that because that is not a prior arrest, that is a statement by the Defendant. That is assuming this is not coerced out of him and volunteered to be given. * * * Reason for my ruling is this reason that prior arrests records which are not followed by convictions are not admitted into evidence for sentencing because anybody can be arrested. * * * its [*sic*] so simple to make an arrest has nothing to do with whether the man did or did not do the acts involved. But where there are statements concerned and made by the Defendant himself those will be admitted into evidence for consideration because that is a statement made by the Defendant." The defendant testified relating to the events surrounding his giving of the statements to the police. He claimed such statements were false and made just to get out of jail. He asserted the police had tricked him.

Defendant's petition to suppress the confessions was denied prior to the

acceptance of his guilty plea. The general purport of defendant's testimony is to explain, contradict or affect the credibility of the confessions and to that extent the weight to be attached to the confessions was up to the court. Confessional type evidence of unrelated offenses has been allowed in other cases. (*People v. Popescue*, 345 Ill. 142, 177 N.E. 739; *People v. Adkins*, 41 Ill. 2d 297, 242 N.E.2d 258.) We believe the trial court was entitled to consider the confessions of the defendant both with respect to the offense charged and the other unrelated offenses since they represented evidence of conduct by the defendant relevant to the sentence to be imposed. The testimony of Price is likewise appropriately considered even though its value as probative evidence was diminished by the court's own belief that such testimony was entitled to little credibility.

Another error assigned by the defendant is that the court considered the robbery offense to which defendant pleaded guilty as if it were the more serious original charge of armed robbery. In *People v. Marshall*, 30 Ill. App. 3d 17, 331 N.E.2d 566, the court affirmed a sentence for theft from a person indicating the trial court was entitled to consider evidence that the crime to which defendant pleaded guilty was committed in conjunction with a physical attack on the victim. The court is not required to disregard circumstances surrounding the offense and again, it is the conduct of the defendant which can and does concern the court in determining the proper sentence. (*People v. Fields*, 8 Ill. App. 3d 1045, 291 N.E.2d 258.) If, as in the instant case, the defendant used a knife in carrying out the robbery, such conduct is appropriately considered even though the charge is robbery rather than armed robbery. It cannot be said the defendant is being sentenced for an offense with which he is not charged. The sentence was not in excess of the negotiated recommendation of the State's Attorney. It also was within the range authorized by statute.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.