THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE ARTHUR GRAY, Defendant-Appellant.

Third District   No. 76-418

Opinion filed August 26, 1977.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Kankakee County which, after a plea of guilty to the crime of murder by the defendant, Lee Arthur Gray, entered judgment thereon and sentenced him to a term of imprisonment of not less than 25 nor more than 100 years.

The defendant was involved in a crime of murder with an accomplice, Stanley Russell. The accomplice Russell also entered a plea of guilty to the offense of murder and received the same sentence as the defendant in the instant case. The accomplice Russell filed an appeal in this court, being the case of *People v. Russell*, 51 Ill. App. 3d 646. With but few exceptions the factual situation and the issue raised in the instant case is identical with the case of *Russell* and we therefore do not deem it necessary to duplicate the facts and our opinion in its entirety in the instant case.

In the instant case one significant factual and procedural difference does exist which was not present in the case of *Russell*. That difference is that the defendant Gray made a motion before the trial court to suppress a purported confession in which he stated to an Illinois Bureau of Investigation agent that there was a "hit on" the victim McKee for the sum of $10,000 and that his accomplice Russell, who did the actual shooting and killing, was to receive a house trailer for his part in the murder. The trial court denied the defendant's motion to suppress.

The sole issue raised by the defendant is that the sentence imposed upon him of not less than 25 nor more than 100 years is excessive and should be reduced.

The presentence report filed in the trial shows that the defendant was a 31-year-old man, married and the father of two daughters. It also disclosed that the defendant had no serious past criminal record.

The defendant presents the same argument as did his accomplice Russell in contending that his sentence is excessive and should be reduced. We did not agree with the contention of the accomplice Russell, nor do we agree with the contention of the defendant in the instant case. The opinion delivered by this court in *People v. Russell*, 51 Ill. App. 3d 646, is controlling in the instant case. With immaterial differences the factual situations in both are identical and the law to be followed is the same.

For the reasons set forth in the companion case of *People v. Russell*, 51 Ill. App. 3d 646, 1977, the judgment of the circuit court of Kankakee County and the sentence imposed thereon in the instant case is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.