(No. 15569.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TOM KLEIST *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1924.*

1. CRIMINAL LAW—*when withdrawal of plea of guilty rests in discretion of court.* Whether a plea of guilty will be permitted to be withdrawn is discretionary with the court, where the plea has been made with a full understanding of the nature of the charge and the consequences of the plea.

2. SAME—*when plea of guilty should be allowed to be withdrawn.* Where a plea of guilty was entered through a misapprehension of the facts or the law, or where it appears there is doubt of the defendant's guilt, or that he has any defense at all worthy of consideration by a jury, or that the ends of justice will be best served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and the substitution of a plea of not guilty.

3. SAME—*misplaced hope of leniency is not ground for withdrawal of plea of guilty.* The mere fact that an accused, knowing his rights and the consequences of his act, hoped or believed that by entering a plea of guilty he would receive a shorter sentence or a milder punishment, or some other favor that would not fall to his lot after trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea.

4. SAME—*granting of a continuance because of engagement of counsel rests in discretion of court—review.* Whether a continuance will be granted because counsel is engaged in another trial rests largely in the sound judicial discretion of the trial court, and the exercise of this discretion will be disturbed on review only where it is shown that the discretion has been abused.

5. SAME—*counsel's obligations to clients cannot be made to interfere with orderly business of court.* While a counsel's obligations to his clients ought to be respected by the trial court, favors in the way of continuances cannot be granted to the point where the orderly conduct of the court's business will be disturbed.

6. SAME—*when motion to vacate sentence entered on plea of guilty is properly denied.* Where repeated continuances on account of engagement of counsel have been granted, a further continuance denied and the case called for trial on a plea of guilty to larceny entered by the defendants after being advised by other members of their counsel's firm, who unwillingly represented them at the trial, a motion to vacate a sentence to the penitentiary is prop-

erly denied where the affidavits in support of the motion do not allege that the defendants are not guilty, or that they have a meritorious defense, or that there are any facts reducing the offense to a misdemeanor.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

RABER, KOSTNER, HERR & ARVEY, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiffs in error, Tom Kleist and Emil Knapp, by indictment returned March 12, 1923, to the criminal court of Cook county, were charged with larceny. April 6 the case was set for trial April 8. On the latter date the cause was continued, on motion of the defendants, until April 16. When the case was again called for trial there was a further continuance to April 28. On the latter date the defendants secured a third continuance to May 2. These three continuances were granted on the ground that counsel for defendants was engaged in the trial of other cases. May 2 there was a fourth continuance to May 8. The case stood on the call until May 11, when it was called for trial. By agreement of counsel the case was continued until May 15, the court informing Simon Herr, counsel for the defense, that there would be no further continuances granted. When the case was called for trial Louis Fisher, employed by the firm of Raber, Kostner, Herr & Arvey, appeared in court and stated that Herr had become engaged in the trial of a criminal case in the municipal court and asked that the case at bar be continued until the trial in the municipal court was concluded. This motion was de-

nied and the court directed Fisher to proceed with the trial. Fisher stated that he was not prepared to make a proper defense, that he had not conferred with the defendants, and that Herr was the only attorney who was familiar with the case. The court directed Fisher to prepare to defend the cause and gave him an hour and a half for preparation. At 10:30 A. M. the court directed the trial to proceed and counsel proceeded to the selection of a jury. After eight jurors had been accepted by both sides Fisher advised the assistant State's attorney that he would advise defendants to plead guilty. Theretofore the prosecutor had agreed to accept a plea of guilty to petit larceny. The defendants were brought to the bar of the court and Fisher announced that they desired to withdraw their plea of not guilty and to enter a plea of guilty to the indictment. Fisher told the court that he had explained to the defendants the consequences of a plea of guilty, and when they were asked by the court if they understood the consequences of their plea and if they persisted in it, Fisher, in their presence, told the court that they did. Thereafter Jacob Arvey, of the firm of Raber, Kostner, Herr & Arvey, appeared in court and asked the court to continue the matter until Herr could give it attention. The court replied that he would set aside the plea of guilty and that the cause could proceed to trial with Arvey and Fisher defending. After further conference Arvey declined this offer and asked the court to continue the matter for consideration of an application for release on probation. The court thereupon called to the witness stand three witnesses, employees of the company whose property had been stolen, and examined them. It appeared from their testimony that plaintiffs in error were employees of this company; that they had loaded copper wire belonging to the company into the wagon of a confederate; that this wire was to be sold and the money divided among the three involved in the theft. It appears, also, that plaintiffs in error testified, but their testimony is not incorporated in

the bill of exceptions. When plaintiffs in error had con-
cluded their testimony the court said to them, "Well, you
men know, and can tell us if you wish, to whom you sold
this merchandise." Arvey thereupon replied: "All through
this case our Mr. Herr has been endeavoring to obtain from
these men the names of the person or persons who pur-
chased or were to purchase this material, but these defend-
ants have absolutely no knowledge of the same. Their part
in the transaction ended when they delivered the merchan-
dise on the wagon to the driver of the same, and they do
not know now, nor have they ever known, who these men
were." After further conference the court refused to con-
tinue the case for a hearing on an application for release
on probation and sentenced plaintiffs in error to the peniten-
tiary. May 22 a motion was made to vacate the sentence.
This motion was supported by the affidavits of Herr, Kleist
and Knapp. Nowhere in these affidavits is it stated that
plaintiffs in error are not guilty of the charge to which they
have pleaded guilty, or that they have a substantial defense
to the charge, or that there are any facts or circumstances
which would in any way reduce the crime from a felony to
a misdemeanor.

The record in this case shows that the defendants were
fully advised of the effect of their plea of guilty and that
they persisted in said plea after due admonition by the
court. Where the accused, with a full understanding of
the nature of the charge against him, pleads guilty to an
indictment, whether the plea will be permitted to be with-
drawn is discretionary with the court; (*People* v. *Stama-*
*tides,* 297 Ill. 582; *People* v. *Bonheim,* 307 id. 316;) but
where it appears that a plea of guilty was entered through
a misapprehension of the facts or the law, or where it ap-
pears there is doubt of his guilt, or that he has any defense
at all worthy of consideration by a jury, or that the ends
of justice will be best served by submitting the case to a
jury, the court should permit the withdrawal of the plea

of guilty and the substitution of a plea of not guilty. (*People* v. *Byzon,* 267 Ill. 498; *People* v. *Walker,* 250 id. 427; *Krolage* v. *People,* 224 id. 456.) The law seeks no unfair advantage over an accused but is watchful to see that the proceedings in which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress and is considerate in viewing the motive which may influence him to take one or another course. The mere fact, however, that an accused, knowing his rights and the consequences of his act, hoped or believed that he would receive a shorter sentence or a milder punishment, or some other favor, by entering a plea of guilty than that which would fall to his lot after trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea of guilty.

Whether a continuance will be granted because counsel is engaged in another trial rests largely in the sound judicial discretion of the trial court, and the exercise of this discretion will be disturbed on review only where it is shown that it has been abused. (*People* v. *Singer,* 288 Ill. 113.) In this case there had been repeated continuances because of counsel's engagement in other trials. When the last continuance was granted it was with the distinct understanding that the case would be called for trial May 15. Notwithstanding this agreement counsel permitted himself to become engaged in the trial of a cause in another court. While counsel's obligations to his clients ought to be respected by trial courts, favors cannot be granted to the point where the orderly conduct of the court's business will be disturbed. The case at bar was a simple one, and it appears from the record that plaintiffs in error would have been ably represented by Messrs. Arvey and Fisher. As we have said, plaintiffs in error do not state in their affidavits that they are not guilty nor do they allege that they have a meritorious defense which they can present on a trial. With the hope that they might receive a light jail sentence

or that they might be released on probation they entered their plea of guilty. They have been disappointed in their plea for leniency, but that does not justify setting aside the judgment that is entered against them. After a full review of the record we are satisfied that the court did not abuse his discretion in denying the motion.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*