(No. 26520.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM ADAMS, Plaintiff in Error.

*Opinion filed March 19, 1942.*

324

[redacted]

WILSON, J., dissenting.

[redacted]

CHARLES M. CRAYTON, and JOHN W. UNGER, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM T. HENDERSON, State's Attorney, (THOMAS A. GRAHAM, of counsel) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Adams, was convicted in the circuit court of Vermilion county of purchasing and concealing five stolen automobile tires, knowing them to be stolen. It is charged they were received from Leo Shouse and Wilbert Meyers, who were charged in a separate indictment with having stolen them. Adams was arrested, pleaded not guilty and admitted to bail.

On May 10, 1940, plaintiff in error changed his plea from not guilty to guilty and made application for proba-

tion. The application was referred to the adult probation officer and plaintiff in error was re-admitted to bail. On June 2, 1941, the report of the probation officer was filed recommending that Adams be not admitted to probation. On June 16, 1941, the trial court denied probation and sentenced Adams to the penitentiary from one to ten years. Adams filed a motion in arrest of judgment, stay of *mittimus,* and objections to the report filed by the probation officer, which objections were supported by affidavits. Later the court on its own motion set aside the judgment of conviction, denied probation and denied plaintiff in error's motion to withdraw his plea of guilty and again sentenced him to the penitentiary.

The only error urged is the denial of plaintiff in error's motion to withdraw his plea of guilty and enter a plea of not guilty. It is a rule often announced that permission to change a plea of guilty to one of not guilty is a matter within the discretion of the trial court and this discretion will not ordinarily be disturbed unless it appears that the plea of guilty was entered on a misapprehension of the facts or of law, or in consequence of misrepresentation by his counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused; where he has a defense worthy of consideration by a jury, and the ends of justice will be better served by submitting the case to a jury. (*People* v. *Denning,* 372 Ill. 549; *People* v. *Throop,* 359 id. 354; *People* v. *Kurant,* 331 id. 470; *People* v. *Stamatides,* 297 id. 582.) Where the record falls within the exceptions such as just noted, the court should permit the withdrawal of the plea of guilty and the entry of a plea of not guilty. (*People* v. *Denning, supra; People* v. *Kleist,* 311 Ill. 179; *People* v. *Walker,* 250 id. 427.) On the other hand, if a defendant, knowing his rights and the consequences of his acts, enters a plea of guilty on the hope or belief that he will receive a shorter sentence or a

milder punishment than would be inflicted in case of conviction on trial before a jury, he presents no good reason for withdrawal of his plea of guilty when he later finds that his hopes were not realized. *People* v. *Ensor,* 319 Ill. 255; *People* v. *Kleist, supra.*

The report of the probation officer in this case, upon which probation was denied, was not filed until more than a year after the cause had been referred to him. By affidavits of the circuit judges and the State's Attorney of Indiana, referred to in the report, all of the statements in that report as to Adams' past record were either explained by persons who declared they knew the facts, or were directly denied.

It also appears from the affidavit of John W. Unger, who was Adams' counsel in February, 1940, when the indictment was returned, that the then State's Attorney stated he was convinced the plaintiff in error was not connected with the theft of the tires and expressed himself as favoring probation, and that Shouse and Meyers, who were charged with the theft, would be given probation. The affidavit further states that it appears from the record that the cases against Shouse and Meyers were *nolle prossed* before arraignment. It is also shown by this affidavit that the then State's Attorney heard counsel inform the court that he understood Shouse and Meyers were to be given probation and that the State's Attorney did not contradict or correct that statement. This affidavit also states that affiant had a conversation with the trial judge in which he explained his agreement with the State's Attorney relative to plaintiff in error's changing his plea from not guilty to guilty and asking probation, and that the judge stated in substance that he did not make a practice of refusing probation where the State's Attorney did not oppose it, and that it was under these circumstances that he, the affiant, advised Adams to change his plea. The State's

Attorney's term of office expired and another State's Attorney was elected before this case was finally disposed of.

There are no counter-affidavits denying these statements. It is clear from the record that the trial judge, in denying probation and likewise in denying plaintiff in error's motion for leave to withdraw his plea of guilty, was influenced by the report and recommendation of the probation officer. The affidavits of disinterested persons who were evidently familiar with the facts concerning which they deposed, denied the imputations of a bad past record on the part of Adams. It cannot be said in this condition of the record that the report of the probation officer was either of that accurate or prompt character which the statute requires. Ill. Rev. Stat. 1941, par. 786, Criminal Code, div. 16, sec. 3.

The inaccuracy of the report of the probation officer, coupled with plaintiff in error's denial of the charges against him, and the affidavits of counsel that he had advised his client to withdraw his plea of not guilty after his conversation with the State's Attorney and the trial judge, strongly indicates in this case that the ends of justice will be better served by permitting plaintiff in error to change his plea and submit the matter of his guilt to a jury. We are of the opinion, therefore, that the trial court erred in denying his motion to withdraw his plea of guilty and enter a plea of not guilty.

The judgment of the circuit court of Vermilion county is reversed and the cause remanded with directions to sustain plaintiff in error's motion to withdraw his plea of guilty and enter a plea of not guilty.

*Reversed and remanded, with directions.*

Mr. JUSTICE WILSON, dissenting.