THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETER KUPFERSCHMID, Defendant-Appellant.

(No. 69-94;

Third District—November 30, 1970.

Edward G. Vogt, of Kankakee, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, (Dennis S. Norden, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE RYAN, relivered the opinion of the court:

On August 26, 1969, a criminal complaint was filed charging the defendant with the offense of battery, a warrant issued and the defendant was arrested. On August 27 the defendant without counsel appeared before the magistrate who issued the warrant and waived his right to jury trial, pleaded guilty and waived the right to a hearing in mitigation. The assistant State's Attorney handling the case in response to a request from the court recommended that the defendant be fined $250. The court refused to follow the recommendation and sentenced the defendant to six months at the State Penal farm at Vandalia. The defendant then procured the services of an attorney who filed a motion to vacate the judgment and withdraw the plea of guilty or in the alternative to vacate the punishment and give the defendant an opportunity to have a hearing in mitigation. The court denied the defendant's motion and this appeal followed.

In this court the defendant asks that the plea of guilty be set aside or that the order setting the punishment be vacated and the cause remanded for a hearing in aggravation and mitigation or that this court reduce the punishment imposed to the $250 fine recommended by the state.

No transcript was made of the hearing before the court on August 27. However, the assistant States Attorney, the defendant and the magistrate have each submitted his version of what transpired in court on that date. Similarly, no transcript was made of the hearing on the motion to vacate the judgment. However, in this instance also, the defendant and the magistrate submitted their versions of what transpired at that hearing.

From the three versions of the report of proceedings, it appears that on August 27 the defendant appeared before the magistrate in the custody of the sheriff. He was not represented by counsel. The People were represented by an assistant States Attorney. The court gave the defendant a copy of the complaint which had been signed by the complaining witness and informed him of the contents of the same. The court informed him of his right to have an attorney represent him and his right to a trial by jury. The court also explained to the defendant that he could wave his right to jury trial and have the court hear his case or he could plead guilty. The defendant indicated that he committed the offense charged and wanted to "get it over." The defendant then signed a jury waiver. When informed

by the court that he could get six months in jail or a $500 fine, the defendant said he understood that he would only be fined. When again admonished to the penalty the defendant again indicated he was guilty and wanted to "get it over with," but didn't want to go to jail. The assistant State's Attorney suggested that the case be continued for a hearing in aggravation and mitigation. The court then asked the defendant if he wanted to present evidence in mitigation and again the defendant indicated that he was guilty and wanted to have the matter disposed of but he didn't want to go to jail. The court then asked the assistant State's Attorney for a recommendation and the recommendation of a $250 fine plus costs was made. The court said that he could not follow the recommendation and sentenced the defendant to six months at the state penal farm.

At the hearing on defendant's post sentence motion the court heard evidence relative to the voluntary nature of the plea of guilty and on the waiver by the defendant of the hearing in aggravation and mitigation. The court found that the defendant was not wrongfully induced to enter a plea of guilty and that the defendant knowingly and understandingly waived his right to a hearing in aggravation and mitigation. At the hearing the defendant presented some testimony that indicated a deputy sheriff had told him he would probably be fined if he pleaded guilty. The deputy denied making any such statement.

■■ It is within the sound discretion of the trial court whether a plea of guilty may be withdrawn. (*People v. Worley*, 35 Ill.2d 574, 221 N.E.2d 267.) Where a plea of guilty has been entered through a misapprehension of the facts or in consequence of a misrepresentation by someone in authority and there is doubt of the guilt of the accused, or he has a defense worthy of consideration by the jury or the ends of justice will be better served by submitting the case to a jury, the court should permit the plea of guilty to be withdrawn. However, the mere fact that the accused, knowing his rights hoped for or believed he would receive a shorter sentence or milder punishment by entering a plea of guilty than he would receive upon a trial and conviction by a jury presents no grounds for permitting the withdrawal of a plea of guilty. *People v. Wheeler*, 349 Ill. 230, 181 N.E. 623.

■■ We do not believe that the trial court abused its discretion in refusing to permit the defendant to withdraw his plea of guilty. There is evidence in the record which indicates that the defendant had been properly advised as to his rights. There is no evidence that anyone in authority made any promise to him to induce his plea of guilty. Even accepting the defendant's version of the report of proceedings and the testimony of the defendant contained therein, he only asked the deputy sheriff what the usual penalty was for battery and the deputy replied that it was a fine on a

plea of guilty. This was no promise by anyone in authority as to what the punishment would be if the defendant pleaded guilty. It was a reply to the question of the defendant as to what the usual penalty was for battery. The court properly found that the defendant was not induced to plead guilty.

All three versions of the report of proceedings indicate that the defendant acknowledged his guilt repeatedly before the court and was only interested in having the case disposed of hurriedly but he didn't want to go to jail. Under these facts there is no doubt of the defendant's guilt nor indication of any defense worthy of consideration which would justify a court in permitting the defendant to withdraw his plea of guilty. Nor is there any indication in the record that the ends of justice would be better served by permitting the withdrawal of the plea of guilty and submitting the case to a jury. Accordingly, we feel that the trial court properly denied the defendant's motion to vacate the judgment and permit the withdrawal of the plea of guilty by the defendant.

■ Under the provisions of ch. 38, par. 1-7(g) Ill. Rev. Stat. 1969, a hearing in aggravation and mitigation is mandatory unless expressly and understandingly waived by the defendant and not requested by the state. (*People v. Miller*, 111 Ill.App.2d 227, 249 N.E.2d 327; *People v. Sessions*, 95 Ill.App.2d 17, 238 N.E.2d 94.) While we do not find any unfulfilled promise of leniency which induced the defendant to plead guilty, we do feel that the defendant waived his right to a hearing in aggravation and mitigation under the misapprehension that he would be fined only and not sentenced to jail. Whether this misapprehension was brought about by the statement which defendant claims the deputy made or from other sources, it is quite apparent from the statements and conduct of the defendant when he pleaded guilty and when the court discussed with him the question of such a waiver that he was under the impression that he would be fined and not sentenced to jail. Any doubt as to the defendant's understanding when he waived his right to the hearing in aggravation and mitigation should, in the interest of justice, be resolved in his favor. *People v. White*, 116 Ill.App.2d 180, 253 N.E.2d 654.

Under the peculiar facts of this case, we think that justice would have been better served if the recommendation of the State would have been accepted and a fine only imposed. The defendant had a single court appearance. On that date he was brought before the court pursuant to the warrant for his arrest. He was furnished with a copy of the complaint, advised of its contents and advised of his rights. He waived his right to jury trial, pleaded guilty and waived his right to a hearing in aggravation and mitigation and he was sentenced. This all happened at a single court appearance. The defendant did not have the benefit of the advice of

662

counsel and during the proceedings, while admitting his guilt, the defendant indicated he didn't want to go to jail and that he thought he would be punished by fine only. It was apparently with this understanding that the defendant waived his right to a hearing in aggravation and mitigation.

It is not necessary to remand this case to the trial court. This court has the power to reduce the punishment imposed by the trial court. (Ill. Rev. Stat. 1969, ch. 110A, par. 615(b) (4).) Since the State recommended that the defendant be fined $250 plus costs and the defendant apparently waived his right to a hearing in aggravation and mitigation under the belief that he would be punished by fine only, we think this is a proper case in which to exercise our authority to reduce the punishment imposed by the trial court to that recommended by the State's Attorney.

██ Accordingly, the judgment of conviction is affirmed and the judgment as to punishment is modified, by reducing the punishment imposed to a fine of $250 plus the costs of the criminal prosecution in the trial court.

Judgment modified and as modified affirmed.

STOUDER and ALLOY, JJ., concur.