The People of the State of Illinois, Plaintiff-Appellee, v. Eugene Joel Cather, Defendant-Appellant.

(No. 73-233;

Third District—June 28, 1974.

Walter D. Braud, of Rock Island, for appellant.

Clarke C. Barnes, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Eugene Joel Cather, pleaded guilty in the circuit court of Rock Island County to the offense of the unlawful sale of a controlled substance (Cocaine) and was sentenced to a term of from 1 to 3 years in the penitentiary. On this appeal the only issue raised is that the court

erred in sentencing the defendant to the penitentiary rather than granting him probation. In September, 1972, defendant was arrested and indicted for three drug offenses occurring in April and June of 1972 including the sale of cocaine to which offense he pleaded guilty in March, 1973. The plea was the result of negotiations whereby the State agreed to drop the other two charges. No recommendation on sentence was included in the plea bargain and the defendant was advised that the State would oppose his request for probation.

Defendant did apply for probation after his guilty plea was accepted and after a hearing on his application for probation and in aggravation and mitigation probation was denied and the sentence of from 1 to 3 years in the penitentiary was imposed. No questions are raised concerning the propriety of any of the proceedings culminating in the court's acceptance of defendant's guilty plea.

Several witnesses testified in defendant's behalf concerning his war record, his effort at rehabilitation which to date were deemed successful and his future prospects. The court, although recognizing defendant's progress in eliminating his drug addiction, nevertheless concluded that because of the nature of the offense, *i.e.*, sale of a hard narcotic, incarceration was appropriate.

On this appeal defendant argues that the penitentiary sentence was inconsistent and not required for his rehabilitation as a drug addict and that the court erred in imposing the penitentiary sentence because the trial court believed probation should not be granted where the sale of hard drugs is involved.

○ 1, 2  We believe it unnecessary to discuss the facts presented at the probation and sentence hearing at any length. Since *People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300, the decision of whether probation should or should not be granted has been committed to the discretion of the trial court. Where this determination involves the alternatives of rehabilitation pursuant to probation or incarceration because of the seriousness of the offense the trial court is vested with the discretion to determine that the nature of the offense requires incarceration. Where the incarceration imposed is a minimum sentence this court is not in a position to review the discretion exercised by the trial court.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

SCOTT, P. J., and ALLOY, J. concur.