THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY MARSHALL, Defendant-Appellant.

(No. 74-116; ▆▆▆▆▆▆▆)

Third District—July 10, 1975.

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (F. Stewart Merdian and Bernard L. Rivkin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Gary Marshall appeals from a conviction of a Class 3 felony of theft from a person (Ill. Rev. Stat. 1973, ch. 38, § 16—1(e)(2)). The conviction followed a plea of guilty and a sentence of 1 to 3 years in the penitentiary was imposed as a result of such conviction. Defendant contends that the trial court erred in not allowing him to withdraw his plea of guilty following sentencing and, in the alternative, he contends that the sentence of imprisonment in the penitentiary is excessive.

. It appears from the record that defendant Marshall was indicted by a

Kankakee County grand jury for robbery on September 18, 1973. He pleaded not guilty to such charge but, following plea negotiations, he indicated he would plead guilty to the lesser included offense of "theft from a person." No discussion was had between the parties of the possible sentencing alternatives or recommendations.

Following the negotiations referred to, Marshall entered the plea of guilty on November 2, 1973, to an information which charged "theft from a person." He was fully admonished by the trial court concerning his rights and the consequences of his plea in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, § 402). The statement of facts which was presented by the prosecutor and agreed to by the defendant and his counsel, disclosed that Marshall and three other men had begun a card game in a bar on the night of August 10, 1973, and then adjourned to a private home to continue the game. Sometime in the early morning hours of August 11, the game terminated and defendant offered another player, Charles Hebert, a ride to his home. When Hebert left the house, he could not see Marshall. When he called out to the defendant, however, he was assaulted by defendant and knocked to the ground. Defendant demanded money from Hebert and Hebert turned over $60 to $70 in currency. It was also noted that another participant in the card game, John Otterlee, was prepared to testify that earlier in the game, while Hebert was out of the room, defendant made some remarks about cheating Hebert out of his money.

After the court accepted defendant's plea of guilty, a sentencing hearing was set for December 12, 1973. After hearing from the victim, the investigating police officer, the defendant, and his wife, the court imposed a sentence of from 1 to 3 years in the penitentiary. Five days later defendant obtained a stay of mittimus and a hearing for reconsideration of the sentence. At that hearing on February 4, 1974, the court denied the motion to reconsider after hearing arguments.

Defendant then filed an amended motion for reduction or modification of sentence on February 8, 1974, which for the first time requested the relief of vacating the plea of guilty, as an alternative relief to that of changing the sentence. At a hearing on March 8, 1974, a psychologist and a psychiatrist testified for the defense. The psychiatrist concluded that defendant was insane at the time of the incident. Defendant himself testified that he had as many as 30 or 40 drinks that evening. The court denied defendant's amended motion and refused to either modify the sentence or allow defendant to withdraw his plea of guilty.

The State contends that defendant is not entitled to consideration of his request to withdraw his plea of guilty because the request was not made until 3 months after the plea of guilty was entered and 2 months

following sentencing. We do not believe that this procedure resulted in loss of jurisdiction of the court even though it was 30 days after the entry of judgment of conviction. Judgment of conviction was entered on November 2, 1973, but the court retained jurisdiction for sentencing purposes which were completed December 12, 1973. Five days later defendant moved to modify and reduce sentence and obtained a stay of mittimus in the meantime. During the pendency of the motion, in its amended form, the court retained jurisdiction of the cause and had the power to allow defendant to withdraw the guilty plea in the exercise of its sound discretion.

■■ Though defendant was entitled to consideration of his motion to withdraw the plea, and in fact received a lengthy hearing thereon, we must conclude from the record that the trial court did not abuse its discretion in denying such relief. If a defendant has a defense worthy of consideration by the jury, the court should exercise its discretion in favor of innocence and liberty and allow the plea to be withdrawn (*People v. Riebe* (1968), 40 Ill.2d 565, 568, 241 N.E.2d 313). As stated, however, in *People v. Morreale* (1952), 412 Ill. 528, 532, 107 N.E.2d 721, and *People v. Kupferschmid* (3d Dist. 1970), 131 Ill.App.2d 658, 660, 264 N.E.2d 499, "* * * the mere fact that the accused, knowing his rights hoped for or believed he would receive a shorter sentence or milder punishment by entering a plea of guilty than he would receive upon a trial and conviction by a jury presents no grounds for permitting the withdrawal of a plea of guilty" after he finds that his expectation has not been realized. While the testimony at the March 8, 1974, hearing might tend to show a defense of insanity or extreme intoxication, it appears from the record that it merely raised a possibility that such defenses could be made. The court, in considering the defendant's petition, could note that it was filed after the expiration of some time and following a course of conduct which suggests strongly that defendant was disappointed by the penitentiary sentence and simply sought to avoid it. There was no indication in the record of surprise other than that defendant apparently hoped for periodic imprisonment or probation. There is also no suggestion that defendant did not fully understand his rights and the consequences of his plea when he entered it. It has been observed that a plea of guilty is not a device by which a defendant may seek the supposed mercy of the court, and then, having received more severe punishment than expected, would then withdraw his plea of guilty and try again through further negotiations or a bench or jury trial.

Under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, § 615(b)(4)), the court on review has the power to reduce punishment imposed by the trial court. While the Illinois Supreme Court has held

that this power did not include the authority to change the sentence of imprisonment to probation prior to the present Unified Code of Corrections (*People ex rel. Ward v. Moran* (1973), 54 Ill.2d 552, 301 N.E.2d 300), the appellate court has since had occasion to consider the sentence imposed under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, §§ 1005—1—18, 1005—5—3(d)(1), 1005—6—2). Under the Unified Code of Corrections, probation has been denominated a "sentence" (*People v. Boucher* (1974), 57 Ill.2d 225, 227, 311 N.E.2d 679). One appellate court has now given consideration to this issue and determined that a court of review may reduce a prison term to probation, since there was no longer a significant qualitative distinction between imprisonment in the penitentiary and probation. (*People v. Rednour* (5th Dist. 1974), 24 Ill.App.3d 1072, 1076-7, 332 N.E.2d 492.) In the *Rednour* case, the court went on to say that the power should be used sparingly and only where after careful examination it is apparent that the trial court abused its discretion. The same standard applies which we used in other cases, in reliance on *Moran*, to determine whether a case should be remanded to the trial court for consideration of probation instead of the imposed prison sentence. (*People v. Cross* (3d Dist. 1975), 27 Ill.App.3d 785, 327 N.E.2d 81; *People v. Cather* (3d Dist. 1974), 21 Ill.App.3d 36, 313 N.E.2d 533; *People v. DeBates* (3d Dist. 1974), 18 Ill.App.3d 663, 310 N.E.2d 228.)

■■ The evidence in this case shows that Marshall had held a steady job for 4 years and was currently working on two full-time jobs and was also the sole means of support for his wife and child. Defendant, on the other hand, had prior convictions for battery and disorderly conduct, and was brought before courts martial three times in the military (although the charges were apparently dropped each time). In the cause before us, he had beaten and robbed his victim. In such circumstances, the imposition of the minimum penitentiary sentence could not truly be classified as an abuse of discretion (*People v. Cather* (3d Dist. 1974), 21 Ill.App.3d 36, 313 N.E.2d 533). Nor does it appear that the court sentenced defendant to prison in part because the original charge was for the more serious crime of robbery. The court was entitled to consider that the crime to which defendant pleaded guilty, theft from a person, was committed in this instance in conjunction with a physical attack on the victim. There is nothing in the record, however, to show that the court was basing the sentence on the original charge.

There was some discussion and emphasis on the fact that defendant was in need of psychological and psychiatric treatment. Both doctors who testified at the hearing on defendant's motion to reduce or modify the sentence stated that appropriate treatment would be made available

through the Department of Corrections of the State of Illinois. The psychologist, Dr. Brooks, testified that defendant was of such nature that he might not keep appointments and that, under stress, defendant might cause bodily harm to other individuals in the community.

Upon review of the entire record, therefore, we must conclude that we find no error in the trial court's refusal to permit defendant to withdraw his plea of guilty, and, also, we find that the trial court did not abuse its discretion in not imposing a sentence of periodic imprisonment or probation. For the reasons stated, the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.