THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT MOORE, Defendant-Appellant.

Second District   Nos. 2—90—1083, 2—90—1085 cons.

Opinion filed September 30, 1992.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Scott Moore, entered guilty pleas to residential burglary and theft (Ill. Rev. Stat. 1989, ch. 38, pars. 19—3(a), 16(a)(4)(A)). The trial court sentenced defendant to concurrent prison terms of 13 years and 5 years. Within 30 days of sentencing, defendant filed, *inter alia*, a motion to reconsider these sentences. After the trial court refused to hear the motion, defendant appealed, contending such refusal was error. We reverse and remand.

In circuit court No. 90—CF—758, defendant was charged with residential burglary, possession of burglary tools, theft, unlawful possession of a license plate, and possession of firearm ammunition with no firearm owner's identification card. In circuit court No. 90—CF—773, defendant was charged with an unrelated theft. Defendant was also charged with additional unrelated offenses in circuit court Nos. 90—CF—768 and 90—CF—812.

Pursuant to an agreement with the State, defendant pleaded guilty to residential burglary in No. 90—CF—758 and theft in No. 90—CF—773, and all other charges were dismissed. The trial court sentenced defendant to 13 years' imprisonment for residential burglary and 5 years' imprisonment for theft, both sentences to run concurrently. Defendant thereafter filed a motion to withdraw his guilty pleas and a motion to reconsider his sentences. At the scheduled hearing on the motions, defendant requested, and was granted, leave to withdraw his motion to withdraw his guilty pleas. Regarding defendant's motion to reconsider, the court stated:

> "The only thing we have left on file is the defendant has filed a motion to reconsider. Considering what was available as the possible penalties, the negotiation, which was conditionally accepted, and then finally accepted by the court, the court, in the exercise of its discretion declines to allow a hearing on the motion to reconsider, and declines to reconsider the case.
>
> * * *
>
> I'm not denying the motion, I am not allowing a hearing on the motion."

The State argues that defendant's appeal should be dismissed because defendant failed to file a motion to withdraw his guilty plea pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). The

State contends that, in order to perfect appellate jurisdiction over the sentence entered, a defendant whose plea is a negotiated one should be required to move to withdraw his plea, and not merely to move to reconsider the sentence. We disagree.

In *People v. Stacey* (1977), 68 Ill. 2d 261, the court interpreted Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) as requiring all criminal defendants who wish to appeal after entering pleas of guilty to first present motions to withdraw their guilty pleas to the trial court even if they only sought to challenge the sentence that was imposed. (*Stacey*, 68 Ill. 2d at 265-67.) More recently, however, our supreme court held that a motion to withdraw a guilty plea is not required as a prerequisite for an appeal if a defendant had presented a motion to reconsider his sentence and was only challenging the sentence on appeal. (*People v. Wilk* (1988), 124 Ill. 2d 93, 110.) The court noted in *Wilk* that the trial judge "had the opportunity to reconsider the appropriateness of the sentence imposed and to correct errors made, if any." (*Wilk*, 124 Ill. 2d at 110.) The court also stated that since the two defendants in question "were not appealing their guilty pleas, it was not necessary for them to file a Rule 604(d) motion." 124 Ill. 2d at 110.

Relying on *Wilk*, our supreme court determined that, in the instant circumstances, a motion to reconsider the sentence imposed is a prerequisite for an appeal challenging the sentence. (*People v. Wallace* (1991), 143 Ill. 2d 59, 61.) The court cited *Wilk* for the proposition that such a motion is necessary to enable the trial court to correct any sentencing errors. *Wallace*, 143 Ill. 2d at 61.

The trial court's refusal to hear defendant's motion to reconsider is completely inconsistent with *Wilk* and *Wallace*, which are premised upon the theory that trial courts should have the opportunity to correct any potential errors in sentencing before an appeal is taken. The trial court's refusal to hear defendant's motion deprived it of any such opportunity.

This court recently addressed this identical issue in *People v. Soles* (1992), 226 Ill. App. 3d 944. In ruling that trial courts must consider the merits of a motion to reconsider a criminal sentence, we stated:

> "Additionally, section 5—8—1(c) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)) states that '[a] motion to reduce a sentence may be made *** within 30 days after the sentence is imposed.' This provision further states that if such a motion is timely filed and the movant diligently seeks a ruling, 'the court shall thereafter decide such motion within a reasonable time.' (Ill. Rev. Stat.

1989, ch. 38, par. 1005—8—1(c).) The word 'shall' in a statute denotes a mandatory obligation unless the context in which the word appears indicates otherwise. (*People v. Richardson* (1984), 104 Ill. 2d 8, 15.) Because the language of section 5—8—1(c) does not indicate otherwise, we conclude that it requires trial courts to consider the merits of motions to reconsider and reduce sentences which are timely filed if the movants are diligent in seeking rulings. In so holding we agree with the statement of the court in *People v. Chestnut* (1973), 15 Ill. App. 3d 188, that '[a] motion made in orderly fashion by counsel for defendant should be given consideration and the court should rule upon it.' *Chestnut*, 15 Ill. App. 3d at 190." *Soles*, 226 Ill. App. 3d at 947.

Nevertheless, the State contends that remand in this case would be inappropriate because defendant filed his motion to reconsider merely as a procedural strategy to perfect appellate jurisdiction and not as a valid request to reweigh possible mitigating sentencing factors. The State points out that defendant's motion did not specify any particular grounds for reduction of defendant's sentence and that the defendant's appellate counsel first mentioned these grounds in defendant's appellate brief.

■ We disagree with the State's contention. Although defendant's written motion to reconsider did not specify the particular mitigating factors sought to be reviewed, there is nothing to indicate that defendant would not have presented these specific matters during a hearing on the motion. By declining to hear the motion, the court denied defendant the opportunity to argue the merits of his motion.

■ Additionally, defendant points out that he pleaded guilty to one count of residential burglary and one count of theft, in circuit court No. 90—CF—758 and No. 90—CF—773, respectively. According to the plea agreement, all other charges, including those in circuit court No. 90—CF—768, would be dismissed. However, the judgment and sentence order states that defendant is to serve five years' imprisonment in case No. 90—CF—773 concurrent with a sentence in case No. 90—CF—768. Likewise, the judgment and sentence order in circuit court No. 90—CF—758 provides that defendant is to serve 13 years' imprisonment concurrent with the term in 90—CF—768. It is fundamental that a judgment order which falsely reflects a conviction for a crime must be amended. *People v. Valentine* (1965), 60 Ill. App. 2d 339, 350-51.

For the above reasons, the order of the circuit court of Lake County refusing to consider the merits of defendant's motion to re-

consider is reversed, and the cause is remanded with directions to the circuit court to allow defendant to present his motion to reconsider and to rule on the merits of the motion. Additionally, this cause is remanded with directions to amend the judgment and sentence orders reflecting that defendant is convicted only in case Nos. 90—CF—758 and 90—CF—773.

Reversed and remanded with directions.

WOODWARD and McLAREN, JJ., concur.