# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Maxwell*, 2013 IL App (4th) 111042

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUTH A. MAXWELL, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-1042 |
| Filed | January 23, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's second motion to withdraw her guilty plea to driving under the influence required a remand for strict compliance with Supreme Court Rule 604(d), which requires a hearing on such a motion. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 10-DT-579; the Hon. Richard P. Klaus, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on Appeal      Michael J. Pelletier, Karen Munoz, and Duane E. Schuster, all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel      JUSTICE TURNER delivered the judgment of the court, with opinion.
Justices Pope and Knecht concurred in the judgment and opinion.

## OPINION

¶ 1      In May 2011, defendant, Ruth A. Maxwell, pleaded guilty to one count of driving under the influence (DUI). In July 2011, the Champaign County circuit court sentenced defendant to 180 days in the county jail and 18 months' conditional discharge. Thereafter, defendant filed a second motion to withdraw her guilty plea and an emergency motion to reconsider her sentence. In October 2011, the court denied the two motions without a hearing.

¶ 2      Defendant appeals, asserting the trial court erred by denying her second motion to withdraw her guilty plea and her emergency motion to reconsider her sentence without a hearing. We reverse the denial of defendant's motion to withdraw her guilty plea and remand with directions.

¶ 3                          I. BACKGROUND

¶ 4      On November 7, 2010, the State charged defendant by traffic citation with two counts of DUI (625 ILCS 5/11-501(a)(1), (a)(2) (West 2010)). The State and defendant entered into a plea agreement, under which defendant would plead guilty to one count of DUI (625 ILCS 5/11-501(a)(2) (West 2010)) and the State would dismiss the other count as well as the charges in Champaign County case Nos. 10-TR-23182, 10-TR-23183, 10-TR-23184, 10-TR-23185, and 10-TR-23186. The agreement was open as to sentencing. At a May 17, 2011, hearing, the State's factual basis indicated an eight year old was present in the vehicle at the time of defendant's offense. The trial court admonished defendant that she was subject to a minimum jail term of six months due to the child's presence in the vehicle. After talking with her counsel, defendant indicated she understood the potential sentences and minimums. The court accepted defendant's guilty plea.

¶ 5      On June 16, 2011, defense counsel filed a motion to withdraw defendant's guilty plea, noting only that defendant regretted her guilty plea and wanted to go to trial. Counsel did not file a certificate as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). On

June 24, 2011, the trial court held a hearing on the motion and questioned counsel about his lack of compliance with Rule 604(d). Counsel stated he had not yet reviewed the transcripts but noted he could not point to any irregularities. The court denied the motion. On June 30, 2011, the court commenced defendant's sentencing hearing and took the matter under advisement due to defendant's unique situation and the mandatory minimum. On July 21, 2011, the court reconvened the sentencing hearing and sentenced defendant to 180 days in the county jail and 18 months' conditional discharge along with public service and other requirements. Defendant began serving her jail term in August 2011.

¶ 6    On August 19, 2011, new defense counsel filed (1) a second motion to withdraw defendant's guilty plea, asserting her plea was not knowingly made; (2) two Rule 604(d) certificates; (3) an emergency motion to reconsider defendant's sentence and transfer her sentencing conditions to Cook County; and (4) a notice of appeal, which this court dismissed on defendant's motion in December 2011 (*People v. Maxwell*, No. 4-11-0740 (Dec. 2, 2011) (unpublished dispositional order dismissing the case on defendant's motion)). That same day, a letter from defendant was filed that sought reconsideration of her sentence. The record suggests the trial court treated the letter as a *pro se* motion for reconsideration. On October 19, 2011, without a hearing, the trial court denied (1) the second motion to withdraw defendant's guilty plea, (2) the emergency motion, and (3) the *pro se* motion. On November 17, 2011, defendant filed a timely notice of appeal from her DUI conviction in sufficient compliance with Illinois Supreme Court Rule 606(d) (eff. Mar. 20, 2009). Accordingly, this court has jurisdiction under Rule 604(d).

¶ 7                                    II. ANALYSIS

¶ 8    Defendant asserts Rule 604(d) requires a trial court to hold a hearing on a postplea motion, and the trial court in this case erred by not holding a hearing on her second motion to withdraw her guilty plea and her emergency motion to reconsider her sentence. However, we decline to address defendant's emergency motion to reconsider her sentence that only addressed her six-month jail term because the motion was rendered moot when she completed her jail sentence. See *In re Shelby R.*, 2012 IL App (4th) 110191, ¶ 16, 974 N.E.2d 431. Additionally, we note defendant's first motion to withdraw her guilty plea did not comply with Rule 604(d) as it lacked the required certificate and, on appeal, neither party questions defendant's ability to bring a second motion to withdraw her guilty plea. In response to defendant's argument, the State asserts (1) "heard" in Rule 604(d) means "ruled on" and (2) defendant was not entitled to a hearing because her second motion to withdraw her guilty plea was conclusory and could be ruled upon without one. The interpretation of a supreme court rule presents a question of law, and thus we review the matter *de novo*. *People v. Lindsay*, 239 Ill. 2d 522, 525, 942 N.E.2d 1268, 1270 (2011).

¶ 9    Rule 604(d) provides, in pertinent part, the following:

"Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being

challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The motion shall be *heard* promptly, and if allowed, the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

The purpose behind the rule is the following:

"to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. [Citation.] A *hearing* under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea." (Emphasis added.) *People v. Wilk*, 124 Ill. 2d 93, 104, 529 N.E.2d 218, 221-22 (1988).

Since *Wilk*, our supreme court's Rule 604(d) cases have consistently referred to a hearing on a postplea motion. See *Lindsay*, 239 Ill. 2d at 531, 942 N.E.2d at 1274; *People v. Shirley*, 181 Ill. 2d 359, 371, 692 N.E.2d 1189, 1195 (1998); *People v. Evans*, 174 Ill. 2d 320, 329, 673 N.E.2d 244, 248 (1996); *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994).

¶ 10    Morever, defendant cites *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶¶ 10-16, 966 N.E.2d 375, where the Second District addressed the sufficiency of a hearing on a Rule 604(d) motion after the case was remanded from the appellate court. There, the reviewing court held "a defendant seeking to withdraw his plea is entitled to a hearing that is *meaningful*, but only in the very limited sense that it is not a mere charade performed for the purpose of reinstating an appeal." (Emphasis in original.) *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14, 966 N.E.2d 375.

¶ 11    Additionally, in *People v. Moore*, 236 Ill. App. 3d 990, 991, 600 N.E.2d 1254, 1255 (1992), the trial court refused to allow a hearing on the defendant's motion to reconsider after a guilty plea and declined to reconsider the case. The State argued the case should not be remanded because the motion to reconsider did not specify any particular grounds for reduction of the defendant's sentence. *Moore*, 236 Ill. App. 3d at 993, 600 N.E.2d at 1256. The *Moore* court rejected that argument, explaining nothing indicated the defendant would not have addressed the specific matters during a hearing on the motion. *Moore*, 236 Ill. App. 3d at 993, 600 N.E.2d at 1256. By refusing to hear the motion, the court denied the defendant the opportunity to argue the merits of his motion to reconsider. *Moore*, 236 Ill. App. 3d at 993, 600 N.E.2d at 1256.

¶ 12    In support of its argument, the State cites cases prior to 1981. Further, the State's cases that actually address Rule 604(d) motions specifically discuss evidentiary hearings. Rule 604(d) uses the language "heard promptly," and the supreme court cases refer to hearings in general, not specifically evidentiary hearings. In fact, in *Tejada-Soto*, 2012 IL App (2d) 110188, ¶¶ 15-16, 966 N.E.2d 375, the reviewing court rejected the defendant's argument his hearing was insufficient because his counsel failed to present a witness. There, defense counsel's argument on the new Rule 604(d) motion and reference to the defendant's prior

-4-

testimony along with the trial court's review of the court file, including the transcripts, and detailed basis for its ruling on the motion constituted a sufficient hearing. *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14, 966 N.E.2d 375. Thus, we disagree with the State that a Rule 604(d) motion has some threshold pleading requirement, like a postconviction petition, that a defendant must meet to obtain a hearing.

¶ 13 Accordingly, we hold Rule 604(d) requires the trial court to hold a hearing on a motion properly filed under that rule regardless of how detailed the motion is. Thus, in this case, the trial court erred by denying defendant's second motion to withdraw her guilty plea without a hearing.

¶ 14                                    III. CONCLUSION

¶ 15 For the reasons stated, we reverse the Champaign County circuit court's denial of defendant's second motion to withdraw her guilty plea and remand for proceedings in strict compliance with Rule 604(d)'s requirements.

¶ 16 Reversed and remanded with directions.